Per Curiam.

Was the term of office of plaintiff, as a judge of the Municipal Court of Cleveland, whose elected term of office had not expired on the effective date of the Uniform Municipal Court Act, abolished by that act, or was his term of office continued with increased jurisdiction as a judge of the Cleveland Municipal Court until the expiration of the full six-year term for which he was elected?
In considering this question, two constitutional provisions must be kept in mind. Under Section 27 of Article II of the Constitution, the General Assembly does not have power to appoint judges, and under Section 20 of Article II, the General Assembly is without power to increase the salary of a judge during his term of office.
Section 1588, General Code, provided that “each judge” *390 ■under the old Municipal Court Act “shall serve as such judi under the terms of this [the Uniform Municipal Court] Act f the full length of the term for which he was elected, ’ ’ and th the “judges” under the old act (Municipal Court of Clevelan “shall be the incumbent judges under this [Uniform Municip Court] Act.”
Section 1617, General Code, provided that candidates qua fying as such before or after the effective date of the Unifor Municipal Court Act should be candidates for the new com and that existing terms “shall not be diminished, but shall co tinue for the period for which they were created, ’ ’ i. e., by ele tion to the Municipal Court of Cleveland, although such a ter continues after the new court (Cleveland Municipal Court) the existing substitute. H
It is apparent from the foregoing sections that the Generl Assembly intended to and did continue the unexpired terms (1 the judges elected to the old court, rather than to appoint the: as judges of the new court in contravention of the constitutioi al prohibition.
Construing the act as effecting a continuance of the offic of plaintiff, he is not entitled to the increased compensation, ¿ the General Assembly is without power to increase the salary c a judge during his term of office.
If the term of office of plaintiff was abolished by the repeí of Section 1579-1 et seq., General Code, and the enactment of th Uniform Municipal Court Act, as contended by plaintiff, tl judges serving on the new court would have had to be electee or appointed by the Governor to serve until an election was hac and a judge of the old court continuing to serve on the ne court without being elected or appointed would be either actin without color of office and entitled to no compensation or actin as a de facto judge and entitled to the reasonable value of th services rendered.
The demurrer to the petition was properly sustained.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

WeygaNbt, C. J., ZimmermaN, Stewart, Bell, Taei Matthias and Herbert, JJ., concur.